People v Moreno
2026 NY Slip Op 03004
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Harold Moreno, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2022-05649, (Ind. No. 945/20)
Colleen D. Duffy, J.P.
Linda Christopher
Carl J. Landicino
Susan Quirk, JJ.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Elizabeth Gomiela of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered July 7, 2022, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Stephanie Zaro, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials is granted, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.
The defendant was charged with robbery in the first degree, among other offenses, in connection with a robbery in Queens. The defendant subsequently moved, inter alia, to suppress his statements to law enforcement officials. At a suppression hearing, a detective testified that he had generated still images and wanted flyers from a video of the alleged robbery, circulated the still images and wanted flyers throughout the police department, and activated an I-card for the defendant's arrest, and that the defendant was apprehended by the Queens Warrant Squad nearly two months later. The arresting officers did not testify at the suppression hearing, nor did the detective testify about the circumstances of the arrest. After the hearing, the Supreme Court, among other things, denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The defendant thereafter pleaded guilty to attempted assault in the first degree. The defendant appeals.
When a defendant challenges the admission of statements he or she has made, claiming they are the product of an illegal arrest, the People bear the burden of going forward to establish the legality of the police conduct in the first instance (see People v Mortel, 197 AD3d 196, 200-201). Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of an officer in possession of information sufficient to constitute probable cause for the arrest (see People ex rel. Wells v DeMarco, 168 AD3d 31, 47).
Here, the People failed to present evidence sufficient to establish that the arresting officers stopped and arrested the defendant on probable cause allegedly communicated by the I-card (see People v Palacios, ___ NY3d ___, ___, 2026 NY Slip Op 02360, *2). Contrary to the People's contention, the issuance of an I-card nearly two months before the defendant's arrest, standing alone, was insufficient to establish that the officers who stopped and detained the defendant were actually acting upon the direction of an officer in possession of information sufficient to constitute probable cause (see People v Palacios, ___ NY3d at ___, 2026 NY Slip Op 02360, *2; People v Powell, 101 AD3d 756, 758).
Accordingly, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
DUFFY, J.P., CHRISTOPHER, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court